[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON CO-DEFENDANT'S MOTION TO COMPEL
The plaintiff in this case was injured in a cafe when the defendant Wilson allegedly struck him. The plaintiff has brought suit against Wilson. He has also sued the cafe and permittee claiming the assault was in part caused by the fact the Wilson and his friends were sold alcohol at the cafe although they were in an intoxicated condition.
Given this claim an important consideration is the amount of alcohol Wilson and his friends consumed at the cafe. At a deposition of Wilson conducted in June of 1995 he said that he had given a statement to his insurer at some earlier point. He further testified that he told this agent of his insurer the specific number of shots and beer he had consumed but at the time of the deposition he could not remember that information. The deposition was conducted by the attorney for the co-defendant cafe and its permittee. Counsel for Wilson has refused to turn over the statement to counsel for the co-defendants who have now filed this motion to compel.
The contents of this statement are of course material and something the co-defendants could need to properly and fully defend CT Page 14366 their interests in this suit. It is difficult to see how the co-defendants could obtain any satisfactory equivalent to the statement since Mr. Wilson now claims to have forgotten the information contained in the statement.[1]
I decided a case very similar to this last March, Winot v.Dragon, 13 Conn. L. Rptr. 551.
In that case as here counsel for the defendant argued he was not required to turn over his client's statement. The work product rule and the attorney-client privilege must be discussed to resolve the competing claims in this case.
(a)
The work product rule is enshrined in Practice Book § 219 which says that documents are not discoverable which are prepared in anticipation of litigation. The doctrine is qualified by language in the practice book section that says:
 A party may obtain without the showing required under this section, discovery of his own statement and of any non-privileged statement of any other party concerning the action or its subject matter.
The defendant Wilson is a party and his statement concerns this action or its subject matter. The question then becomes is the statement "privileged" in terms of the above quoted language from Practice Book § 219. If not that language would require disclosure of the statement even if prepared in anticipation. of litigation.
Privileges are evidentiary rules while the work product doctrine is a rule of discovery, Handbook of Connecticut Evidence,
Tait La Plante, § 12.5.11, p. 450, McCormick On Evidence, Vol. I § 96 p. 356. Thus "work product" material is not "privileged" in the usually accepted definition of that term — e.g. attorney-client privilege, privilege for marital communications etc.
The above quoted language of Practice Book § 219 makes clear that a statement of a party made in anticipation of litigation is not because of that fact privileged and must be turned over to the other side unless it is protected by some recognized privilege. CT Page 14367
(b)
Could there be a claim that the statement is protected by the attorney-client privilege? Counsel for Mr. Wilson, has submitted an affidavit stating that after entering an appearance for Mr. Wilson he directed the claims manager of his client's insurance company to have a representative of the company prepare a statement of his client regarding this incident.
McCormick notes at § 91 that an "apparent majority" of courts holds that communications by an insured to an agent of the insurer bound to defend the insured by the policy are privileged, see GeneCompton's Corp. v. Superior Court, 205 Cal.App.2d 365 (1962),Thomas v. Harrison, 634 P.2d 328 (Wyo, 1981). There is a minority view that holds there is no such privilege and one reported Connecticut case in fact sides with the minority, Jacques v.Cassidy, 28 Conn. Sup. 212 (1969), see also Langdon v. Champion,752 P.2d 999 (Alaska, 1988). According to McCormick even the minority jurisdictions, however, would accord the privilege where the insurance agent taking the statement was acting at the direction of the attorney hired to represent the insured. Thus the court in Langdon v. Champion supra said the privilege does not extend in these situations: "except in those cases where it can be shown that the adjustor received the communication at the express direction of counsel for the insured" 752 P.2d at p. 1004. Unlike the situation in Winot here the attorney for Wilson alleges the statement was taken at his request. If that is so the statement is clearly protected from disclosure by the attorney-client privilege.
However, it should be noted that the court is not addressing the issue of waiver because it was not raised and because a copy of the Wilson deposition is not available to the court. That is, in the co-defendant's brief it claims that at the deposition Mr. Wilson said when he gave the statement to the insurance representative he told her he consumed shots and beer and he told her the specific number but at the deposition he couldn't remember the number. It appears the privilege may have been waived. As McCormick says at § 93, page 341:
 "Waiver may be found as Wigmore points out not merely from words or conduct expressing an intention to relinquish a known right, but also from conduct such as partial disclosure which would make it unfair for the client to invoke the privilege thereafter."
CT Page 14368
In any event partial disclosure can be considered an intentional relinquishment of the right to privileged communications with one's attorney. However, since this specific point wasn't fully addressed by the parties, I don't have access to the Wilson deposition, and we are dealing with an important client right, I will hold the privilege bars disclosure of the statement at least at this point.
Thomas Corradino, Judge