[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 10, 1997
This case involves a suit against a hospital for injuries received by a patient when she fell due to the alleged negligence of the hospital staff entrusted with her care. Generally speaking, it is alleged that the hospital failed to diagnose or treat the plaintiff's condition of unsteadiness; failed to locate the plaintiff in such a way that staff could be aware of her movements; did not supervise or watch over her or explain to her and her family the risks of falling presented by her condition.
Three days after the plaintiff's fall, long before litigation commenced and apparently before any litigation was threatened, a so-called incident report was prepared by an employee of the hospital. An affidavit has been submitted by the associate vice president of administrative services which states that the report contains information about the fall. The affidavit further states that it was prepared "to document the incident at issue" and "to record information which might be necessary to defend any claim or lawsuit." The printed form was prepared by legal counsel for the hospital. The affidavit goes on to state the report "was prepared at the request of legal counsel" and, therefore, was not made a part of the medical record. The affidavit concludes by saying that the report was then forwarded to legal counsel by the official submitting the affidavit. Counsel for the hospital has submitted a blank copy of the form used in this case. The information solicited by the form fairly characterizes it as an CT Page 7013 incident report. At the top of the first page appears the following heading: "Confidential Report of Incident At the Request of Legal Counsel Not Part of the Medical Record." At the bottom of the second page there appears in bold type the following statement: "Forward Immediately to Legal Counsel — Risk Management."
The court allowed supplemental discovery. Plaintiff's counsel became aware of this incident report and naturally wants a copy of it. The defendant resists the request and bases its objection on the attorney-client privilege and the work product doctrine set forth in P.B. § 219.
(1)
There are certain difficulties presented if the problem is analyzed from the perspective of the attorney-client privilege. One immediate question is presented by the fact that, as noted at the bottom of the second page, it says the report is to be forwarded to counsel — "risk management." The privilege only operates when a lawyer is consulted as a lawyer for the advice a lawyer can and customarily gives. For example, a communication soliciting business advice is not privileged.United States v. Davis, 636 F.2d 1028; 1044 (CA5 1981); UnitedStates v. United Shoe Machinery Corp. , 89 F. Sup. 357, 360, 361
(D.Mass. 1950). An examination of the form submitted which should be placed in the file under seal does indicate a concern with possible litigation. So despite the just mentioned choice of words, it does not appear the lawyer was being presented with this information for the purpose of securing advice on ensuring general hospital safety.
However, there is another more serious problem. The corporate officer for whose office the report was prepared states the report was prepared at the request of legal counsel. But it appears to the court that this was merely a blanket directive that in every accident that occurs at the hospital the form should be filled out in anticipation of possible litigation. It was completed only three days after the incident in this case and there is no indication that an attorney was personally aware of this particular incident and specifically directed that the information be gathered for this case. Neither has it been established that the department of the hospital preparing this form — although it might have been prepared in anticipation of possible litigation — was expecting to receive legal CT Page 7014 advice as a result of forwarding it to counsel. Cf. Upjohn Co.v. United States, 449 U.S. 386, 394 (1981) which, in discussing the privilege's application for the benefit of a corporation client, suggested limitations on the privilege, one of which was that the matter is communicated for the express purpose of securing legal advice. Also, see cases like Langdon v. Champion,752 P.2d 999, 1004 (Alaska, 1988), which hold that the attorney-client privilege does not extend to statements made by an insured to his or her insurer except where the adjustor received the communication at the express direction of counsel for the insured, case cited in Winot v. Dragon, 13 CLR 551
(1995).
To say that incident reports such as this are covered by the privilege when they are merely prepared pursuant to some general direction by counsel that they be prepared in all accident or injury cases only to be placed in a lawyer's filing cabinet until a claim is made extends the scope of the privilege too far at least in corporate client cases[1].
At least this is so in light of the fact that in an appropriate case, work product protection can be claimed under P.B. § 219. The advantage of that avoids the iron law of exclusion dictated by the privilege and allows the more flexible work product rule to determine the equities in a particular case. The court then will analyze the problem presented in terms of the work product rule. After all, the mere fact that a party has an internal report prepared because it anticipates future litigation does not clothe the report with the attorney-client privilege.Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86,95 (1967); Hurley v. Connecticut Co., 118 Conn. 276, 285 (1934). And the fact that such a report is dropped in the mailbox for the lawyer does not add anything to the claim.
(2)
Our P.B. § 219 is a verbatim adoption of § 26(b)(3) of the Federal Rules of Civil Procedure which is helpful since it gives us access to the federal cases which have dealt with issues such as the one now discussed here and allows referral to the comments to each federal rule as contained in Federal Civil Judicial Procedure and Rules, 1996 Ed., West Publ. Co. (For Rule 26, see Advisor Committee Notes, at pp. 112, et seq., for (b)(3) pp. 115-118). A leading case in interpreting § 26(b)(3) isSouthern Railway Company v. Lanham, 403 F.2d 119 (CA 5, 1969). CT Page 7015Hickman v. Taylor, 329 U.S. 495 (1947) inspired the federal rule and thus our rule, although of course federal case law is not binding on our courts.
Hickman v. Taylor, on its facts, dealt only with work that was produced by an attorney, leaving open questions as to the status of the product of claim adjustors, investigators, et cetera. See McCormick On Evidence, Volume 1, § 96, page 359. But the federal rule and ours both specifically discuss documents prepared "by or for another party or by or for that other party's representative" and both included within the definition of a "representative" a party's agent, attorney, consultant, indemnitor, insurer and surety. See § 26(b)(3), P.B. § 216(3).
Insofar as the person who prepared this incident report was a "representative" of the defendant for the purposes of our rule and since it seems fair to characterize the report as prepared in anticipation of possible litigation, the preparer's "impressions, conclusions, opinions or legal theories" based on discussions with actual witnesses to the fall or treatment providers before and after the incident would be protected from discovery. TheLanham case says "disclosure of the opinions and recommendations contained in these reports could prove disadvantageous to the railroad (any entity accused of causing harm), and the fear of discovery might deter it from seeking full and candid evaluations of the cause of accidents and the proper disposition of claims." 403 F.2d at page 131.
But is the preparer of this report who is an "employee" also a "representative", thus barring revelation of her opinions, impressions and conclusions under P.B. 219?
The wording of our rules presents some technical problems. The definition of "party" in P.B. § 216(2) is much broader than the definition of "representative" in P. B. § 216(3). The only word they have in common is "agent", so I suppose it can be argued that if the preparer of one of these reports is an "employee" of a party, he or she is not necessarily an "agent" in the sense that that term is used in our rules. There may be such a thing as a non-employee agent like an "attorney" or "consultant" and the other classes of people defined as representatives in P.B. § 216(3). If the preparer of this incident report is not a "representative" then his or her mental impressions, conclusions or opinions would not be protected from CT Page 7016 discovery under P.B. § 219. Even if that is so, however, work product protection should be given for the policy reasons set forth in Lanham. The report was prepared in anticipation of litigation and, at least in this case, the court sees no basis to conclude that the plaintiff has a "substantial need" to learn the mental impressions, conclusions or opinions of the person preparing this internal report.
However, these policy considerations, giving the report work product protection, do not necessarily insulate the complete contents of the incident report from discovery. Insofar as the report contains statements from identified witnesses who are employees of the defendant hospital, under P.B. § 219 the plaintiff is entitled to receive these statements. They would qualify as statements of the "other party" which are not protected from disclosure under P.B. § 219 and a "party" in P.B. § 216(2)(b) is defined as an agent or employee of a corporation or association. Also, the individual who prepared the incident report is an employee of the defendant hospital so the plaintiff is entitled to receive those portions of the report that reflect his or her factual observations as opposed to mental conclusions, impressions, opinions or legal theories. In this regard, the plaintiff should be entitled to know the identity of the individual who prepared the incident report and the court is prepared to review the completed incident report in camera to enforce its ruling in this matter. Insofar as the incident report refers to statements by individuals who are witnesses or have information relevant to this case but who are not employees of the defendant, the plaintiff can procure their identity through discovery and the court can then decide whether she is entitled to receive any statements of such individuals secured by the defendant because the plaintiff cannot, "without undue hardship," obtain the "substantial equivalent" of those statements.
Corradino, J.