[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO COMPEL
CT Page 1628
The plaintiff in this medical malpractice action seeks to compel the production of certain notes taken by Susan Garrigan, an employee of CNA Insurance Co., the defendant's medical malpractice insurance carrier. Both Dr. Dickey and CNA oppose disclosure, citing attorney-client privilege and the work product rule.
Dr. Dickey has stated in affidavits in opposition to this motion that in January of 1992, when he realized that the plaintiff was paralyzed following the surgery in which he participated, he notified CNA, which on or about January 20, 1992, appointed Attorney Neubert to represent him. Dr. Dickey does not claim to have spoken to Attorney Neubert, but he does state in his affidavit that he had conversations with representatives of CNA during February of that year. There was little additional activity regarding the matter until November 16, 1993, when Attorney Jacobs called on behalf of the original plaintiff, Arthur Sachs, who is now deceased. Dr. Dickey's response was not to contact Attorney Neubert, but rather Attorney Hendel, who was counsel to his practice group, New Haven Neurological Associates. Hendel advised Dickey to contact CNA, which he did.
Although Dickey states that at all times he "believed that the subject and content of the communications was private and confidential", it is apparent that the attorney retained by the carrier, Neubert, played no role in initiating any of the communications with CNA which the plaintiff now seeks to discover. Attorney Hendel, who represented the defendant's practice group but who apparently had no particular involvement with this case or with CNA, advised only that the defendant speak to carrier. Thus, neither he nor Neubert played any role in procuring the information whose discovery is now sought, and neither attorney gave Dickey or CNA any particular advice or direction about the sorts of information that the carrier's representative should elicit from Dickey. Indeed, there is no claim that Neubert I asked CNA to do anything at all to assist him in his representation of Dickey, nor is there any claim that Hendel asked CNA or its representatives to do anything to assist him.
Courts are often called on to protect information from CT Page 1629 disclosure on the basis of attorney-client privilege and work product doctrine, citing Connecticut Practice Book Sec. 219, "Scope of Discovery — Materials Prepared in Anticipation of Litigation; Statements of Parties."[1] Work product is defined in Practice Book Sec. 219 as, ". . . the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." There is little appellate guidance on this issue, although trial courts have addressed the issue in written memoranda of decision on several occasions. These decisions suggest that on the facts of this case, the material sought is not privileged.
Practice Book Sec. 219 specifies that it is the mental impressions, conclusions, opinions or legal theories of the attorney (or representative) that are protected from disclosure by the work product rule. Our Supreme Court has stated that to be protected by the work product rule, "[t]he attorney's work must have formed an essential step in the procurement of the data which the opponent seeks, and the attorney must have performed duties normally attended to by attorneys." Stanley Works v. NewBritain Redevelopment Agency, 155 Conn. 86, 95 (1967). Here, the attorney retained by CNA, Neubert, did nothing to procure the information in question. Hendel, who had no involvement with CNA or with this case, did nothing more than suggest that Dickey contact his insurance company. an action on Hendel's part that hardly qualifies as a "duty normally performed by attorneys." Finally, this court's in camera inspection of the documents in question reveals only record-keeping notes of the adjuster and direct notes of certain conversations with Dr. Dickey, but no mental impressions, conclusions, opinions or legal theories of her own regarding those conversations and certainly no mental impressions, conclusions, opinions or legal theories of any attorney regarding those conversations.
Communications by an insured to his carrier are not, without more, privileged. Jacques v. Cassidy, 28 Conn. Sup. 212 (1969). Although such a communication may become privileged if the adjuster takes a statement from an insured while acting as the attorney's agent and at his instruction, Fenton v. ShillelaghCorp., 1995 Ct. Sup. 14365, No. CV94-0365519S (Superior Court, Judicial District of New Haven, at New Haven, December 26, 1995), this is not such a case.
Although the documents in question suggest Dr. Dickey was preparing a narrative of events for eventual submission to CT Page 1630 Attorney Neubert, the notes do not themselves reflect the substance of any conversations with an attorney or with a person acting as an attorney's representative or otherwise acting at the direction of an attorney. The statements are thus governed neither by the attorney-client privilege nor the work product doctrine.
The motion to compel is therefore granted.
Jonathan E. Silbert, Judge
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1634